IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APRIL BRINKMAN, on behalf of herself and other persons similarly situated,<br><br>    Plaintiff,<br>v.<br><br>MACY'S RETAIL HOLDINGS, INC. d/b/a MACY'S<br><br>    Defendant. | CIVIL ACTION NO 18-6645<br><br>JUDGE<br>SUSIE MORGAN<br><br>MAG. JUDGE<br>JANIS VAN MEERVELD |

# FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff April Brinkman brings her amended class action complaint and demand for jury trial against Defendant Macy's Retail Holdings, Inc. ("Macy's"). Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.  Defendant Macy's is the company behind an online and nationwide brick-and-mortar chain of department stores.

2.  Defendant sends text messages to consumers' cellular telephones in excess of the number they consent to receive and therefore violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

3.  The TCPA was enacted to protect consumers from calls exactly like those alleged in this case. Defendant sends these text messages despite the fact that neither Plaintiff nor the other members of a putative class of consumers (defined below) provide Defendant with their prior express written consent to send the number of messages they receive.

4.  As a result, Plaintiff, on behalf of herself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this

Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

5.  Plaintiff is a natural person and resident of the State of Louisiana.

6.  Defendant Macy's is a for-profit corporation licensed to do and doing business in Louisiana.

## JURISDICTION AND VENUE

7.  This Court has subject jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*.

8.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

9.  On February 14, 2017, at approximately 8:06 a.m., Plaintiff April Brinkman texted Defendant's short message service ("SMS") number "62297" using her cellular telephone number, ending in "-3580," in order to receive Macy's text alerts.

10. In response, Defendant sent the following message from the same SMS number to Ms. Brinkman's "-3580" number:

> Macy's Promo Alerts: 1
> more step! Rply "STAR" for texts and extra 15%
> off! Max 3 autodialed msgs/wk. Consent not
> req to buy.
> Msg&DataRatesMayApply. Txt STOP=end

11. Ms. Brinkman agreed to receive three messages each week from Defendant by texting "STAR" to "62287" from her "-3580" number.

12. During the week of June 18, 2017, Ms. Brinkman received the following four

messages from "62287" at her "-3580" number:

13.     On Sunday, June 18, 2017, at approximately 10:01 a.m., one message:

>   Macy's Promo Alerts: It's Super Sunday! Use code SUNDAY now for extra 20% off hot styles: http://mcys.co/2sYNcxu Details: http://mcys.co/2sYRghu Txt STOP=End

14.     On Monday, June 19, 2017, at approximately 10:06 a.m., *two identical* messages received simultaneously:

>   Macy's Promo Alerts: Surprise! It's our Ultimate Pop-Up Sale! Get Free Shipping at $49 +shop great offers now: http://mcys.co/2sYsRIB Txt STOP=End.

15.     On Thursday, June 22, 2017, at approximately 10:01 a.m., one message:

>   Macy's Promo Alerts: Time.To.Shop. 100s of specials are here! Plus, get Free Shipping at $49: http://mcys.co/2tuPHb2 Txt STOP=End.

16.     The text messages sent by Defendant from "62287" from the "-3580" number, including but not limited to the above-described, never addressed Ms. Brinkman by name, were written in a generic, impersonal manner.

17.     All Class Members received the exact same (or substantially similar) text messages from the Defendant, including Plaintiff's initial message in Paragraph 10 herein.

18.     The text messages were sent by Defendant to Plaintiff and Class' cellular telephone numbers randomly and/or sequentially and without human intervention.

19.     Prior to sending these text messages, Defendant never informed Plaintiff and

3

Class clearly, conspicuously, and in writing that they would receive more than the agreed-on number(s) of automated telemarketing and/or advertising text messages on their cellular phones.

20. As such, Defendant never received the requisite consent to send text messages in excess of the number(s) agreed to by Plaintiff and Class.

21. The advertising and/or telemarketing text messages alleged herein were exclusively made by Defendant. Defendant made, or had made on their behalf, the same (or substantially the same) text messages *en masse* to thousands of cellular telephone numbers.

22. Through their conduct, Defendant caused class members actual harm by sending unauthorized text message calls at issue. Plaintiff and members of the class were not only subjected to the aggravation that necessarily accompanies the receipt of unauthorized text messages, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text messages.

23. Moreover, Plaintiff and members of the class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Defendant's unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

24. Defendant was and is aware that the above-described text messages were being sent on a widespread basis, and that the text messages were being sent to consumers who had not provided prior express written consent to receive them.

## CLASS ACTION ALLEGATIONS

25. **Class Definition:** Plaintiff April Brinkman brings this action on behalf of herself and a class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Defendant, or someone on Defendant's behalf, called as part of Defendant's text message marketing efforts where such individuals consented to receive any specified maximum number of text messages over any periodically recurring length of time and received text messages in excess of that number.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent telemarketing and/or advertising text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

27. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

  (a) Whether Defendant's conduct violated the TCPA;

  (b) Whether Defendant sent text messages using an automatic telephone dialing system ("ATDS"), as contemplated by the TCPA;

  (c) Whether Defendant systematically sent telemarketing and/or advertising text messages to persons who did not previously provide it with prior express written consent to receive such text message calls;

  (e) Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

28. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

29. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

30. **Appropriateness:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and

Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

31. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION
### (Willful and Knowing Violation of 47 U.S.C. § 227, et seq. – Telephone Consumer Protection Act)
### (on behalf of Plaintiff and the Class)

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. In an effort to obtain more customers, Defendant sent advertising and/or telemarketing text messages to Plaintiff and the Class' cellular telephones in excess of the number they agreed to receive and without their prior express written consent.

34. Defendant sent the text messages to Plaintiff and the Class's cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse*.

35. Defendant utilized equipment that sent text messages to Plaintiff and other members of the putative Class simultaneously and without human intervention.

36. By sending the telemarketing and/or advertising text messages to Plaintiff and members of the Class' cellular telephones without prior express written consent, and by utilizing

7

an ATDS, Defendant violated 47 U.S.C. § 227(b)(I)(A)(iii).

37. As a result of Defendant's unlawful conduct, Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

38. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

39. Alternatively, because Defendant's misconduct was negligent, the Court should, pursuant to 47 U.S.C. § 227(b)(3), award statutory damages recoverable by the Plaintiff and the other members of the putative Class.

40. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiff April Brinkman, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action, appointing Plaintiff April Brinkman as Class Representative and her attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and

(i) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ Jonathan Mille Kirkland*

_____
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Jonathan M. Kirkland (#37937)
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
Facsimile:  (504) 272-2956
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, I served a copy of the foregoing on counsel for Defendant via EC/CMF.

*/s/ Jonathan Mille Kirkland*

9